**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**JEREMY BANEY,**                                         :

        **Petitioner**            :    **CIVIL ACTION NO. 3:22-1033**

    **v.**                                         :             **(JUDGE MANNION)**

                                   :

**STEPHEN SPAULDING,**                           :

        **Respondent**          :

**MEMORANDUM**

## I.   Background

Petitioner, Jeremy Baney, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The action proceeds *via* an amended petition, filed on July 14, 2022. (Doc. 5). Baney alleges that the Bureau of Prisons' ("BOP") has not credited him with Earned Time Credits ("ETC") as required by the First Step Act of 2018 ("FSA"). Id. Specifically, Baney alleges that he is being denied credits following the initial assessment. Id. He states that he is entitled to 45-60 days of credit opposed to the fifteen days awarded Id. For relief, Baney requests immediate release. Id.

The Court issued a Show Cause Order on August 8, 2022, (Doc. 7) and a response was filed on August 19, 2022. (Doc. 8). On August 29, 2022, Petitioner filed a motion to withdraw the above captioned action. (Doc. 9).

For the reasons outlined below, the Court will treat Petitioner's motion as a motion to voluntarily dismiss pursuant to Federal Rule Civil Procedure Rule 41(a)(2) and will grant the motion.

## II.  Discussion

Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1),1 an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

> A motion for voluntary dismissal under Rule 41(a)(2) lies within the sound discretion of the district court. "The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." ... In ruling on a motion to dismiss under Rule 41(a)(2), a court must examine the prejudice to the defendant, both in terms of legal prejudice and litigation expense. Relevant factors in this analysis include (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.... [T]he Third Circuit has taken a restrictive approach to granting dismissal without prejudice.

Dodge-Regupol, Inc. v. RB Rubber Prods., Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §2364 n.19 (2d ed. n.d.)) (citations and ellipsis omitted). Generally, "Rule 41 motions should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990). See generally Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to habeas proceedings).

Having considered these several factors and finding that no significant prejudice to the Respondent would result, the Court will grant Petitioner's motion and dismiss the petition without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

## III.    Conclusion

In accordance with the foregoing, Petitioner's motion to voluntarily dismiss the above captioned petition for a writ of habeas corpus will be granted and the petition, filed pursuant to 28 U.S.C. §2241 (Doc. 1) will be dismissed without prejudice.

A separate Order will be issued.

s**/ *Malachy E. Mannion***
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 8, 2022**
22-1033-01